UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID CZERNIAK,
         Plaintiff,

         v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
         Defendant.
_____

**DECISION AND ORDER**
17-cv-6123 (JWF)

## Preliminary Statement

Plaintiff David Czerniak brought this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Docket ## 11, 14. For the following reasons, plaintiff's motion (Docket # 11) is **granted**, the Commissioner's motion (Docket # 14) is **denied**, and the matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## Background and Procedural History

Plaintiff applied for DIB on June 7, 2013 and SSI on June 15, 2013. Administrative Record ("AR.") at 192-213. In both applications he alleged an onset date of February 1, 2011. See

1

id. On April 19, 2013, he received a Notice of Disapproved Claim. AR at 116-31. He timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). AR. at 132-33. On May 20, 2015, a hearing was held before ALJ Connor O'Brien. AR. at 8. Plaintiff appeared at the hearing with an attorney, Ida M. Comerford, Esq. Id. On October 5, 2015, the ALJ issued a decision, determining that plaintiff was not disabled under the Act. AR. at 8-17. On December 30, 2016, the Appeals Council refused to review the ALJ's decision, which made the ALJ's decision the final decision of the Commissioner. AR. at 1—3. This lawsuit followed.

## Discussion

Plaintiff challenges the ALJ's decision on the grounds that it was not supported by substantial evidence. See Pl.'s Mem. (Docket # 11-1), at 1. The Court agrees. There were two errors by the ALJ which alone, or in combination, require remand.

1. Assigning Weight to Improper Opinion: In denying benefits, the ALJ afforded "some weight" to the RFC assessment of a non-examining state agency analyst and found that the assessment "supported a finding of 'not disabled.'" AR. at 15. As the Commissioner acknowledges (Def.'s Mem. (Docket # 14-1) at 25), it was clear error for an ALJ to rely on the opinion of the analyst (known as a single decisionmaker or SDM) in determining plaintiff's RFC. See Curtis v. Astrue, No. 11-CV-786 GTS/VEB, 2012 WL 6098258, at *6 (N.D.N.Y. Oct. 30, 2012), report and recommendation adopted,

2

recommendation adopted, No. 5:11-CV-0786 GTS/VEB, 2012 WL 6098256
(N.D.N.Y. Dec. 7, 2012) (noting that the Chief ALJ for the Social
Security Administration issued a memorandum in 2010 instructing
ALJs that RFC determinations by SDMs should not be afforded any
evidentiary weight, and remanding the matter to ALJ with
instructions to reconsider the SDM's opinion in accordance with
that clarification); Yorkus v. Astrue, No. CIV.A. 10-2197, 2011 WL
7400189, at *4 (E.D. Pa. Feb. 28, 2011)("There is significant case
law supporting the plaintiff's position that the RFC assessment of
the SDM is entitled to no evidentiary weight."); Ky v. Astrue, No.
08-cv-00362, 2009 WL 68760, at *3 (D.Colo. Jan.8, 2009) ("[A]n SDM
is not a medical professional of any stripe, and the opinion of an
SDM therefore is entitled to no evidentiary weight.").

While reliance on an SDM's assessment can be harmless, see
Hart v. Astrue, 32 F. Supp. 3d 227, 237 (N.D.N.Y. 2012), it
certainly was not harmless here.  Here, the ALJ reasoned that
because the non-examining SDM was a physician, the opinion as to
disability "deserved some weight."  Yet SDMs are not physicians or
any kind of medical professional.  Moreover, any harmless error
analysis fails because the SDM's "opinion" was the only medical
assessment opinion to which the ALJ gave any weight in determining
plaintiff's RFC.

2.  Failure to Follow Treating Physician Rule:  Second, the
ALJ essentially rejected the valid medical opinions that were

3

properly before him, including the opinion of plaintiff's treating doctor. This too was error. The Commissioner's own regulations "mandate[] that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources."). Where, as here, an ALJ gives a treating physician's opinion something less than "controlling weight," she must provide good reasons for doing so. Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant.").

Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician:

> To override the opinion of the treating physician, we have held that the ALJ must explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations and alterations omitted).

The reasons the ALJ gave for affording "little weight" to the medical opinions of Dr. Devine, plaintiff's treating physician, failed to comply with either the spirit or the letter of the treating physician rule. The ALJ rejected the opinion of plaintiff's treating doctor because the form it was contained in "is merely check boxes and does not have narrative support." AR at 14. It is disturbing for an ALJ to discount relevant medical opinions of a treating doctor simply because they were not expressed in "narrative form" and instead were obtained by allowing the physician to choose from a list of various exertional limitations. To be sure, in order to make it less burdensome and time consuming for the treating doctor to offer medical opinions

5

to a government agency that was determining plaintiff's eligibility for disability benefits, the treating physician was permitted to select from a spectrum of relevant functional limitations and choose "very limited," "moderately limited" and "no evidence of limitations." See AR at 299. But would the opinions expressed be magically entitled to controlling weight if Dr. Devine did not check a box and instead simply written in the words "very limited in ability to stand"?

Dr. Devine was asked to complete the assessment at issue by the New York State Office of Temporary and Disability Assistance. The form is entitled "Medical Examination for Employability Assessment." It seems common sense that the usefulness of a such a form is not dependent so much on how the opinion is expressed (narrative or checked box). Rather, the usefulness of such a form should be determined by deciding whether the medical opinion expressed is relevant to a determination of disability and then assessing what basis the provider would have in deciding which box to "check." Here, Dr. Devine was plaintiff's treating physician for several years and thus personally treated plaintiff on many occasions. Those visits obviously formed the basis for Dr. Devine's medical opinions that the ALJ chose to assign only "little weight." In the context of a busy treating physician who has seen a claimant multiple times and who maintains office notes and test results to support the opinions expressed, the use of a checked

6

box format is hardly surprising and certainly not disqualifying. Moreover, if the ALJ felt the form lacked sufficient "narrative," he could have contacted Dr. Devine and requested additional information. And, although not necessary here, this Court could take judicial notice of the fact that when a relevant medical assessment "box" is checked on a form by a medical professional and the checked finding supports the ALJ's determination, the Commissioner has no hesitancy in relying on that "checked" finding in arguing to the Court that the claimant is not disabled. Simply put, "there is no authority that a "check-the-box" form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments." Trevizo v. Berryhill, 871 F.3d 664, 677 n.4 (9th Cir. 2017).

The Court also questions the fairness of this rationale when considered in light of the other evidence in the record. Less than two months after completing the first medical assessment form, Dr. Devine took the time to complete another medical assessment report on behalf of his patient. AR. 691-95. This detailed four-page questionnaire cannot be criticized as lacking narrative answers and again its sole purpose was to assist the Commissioner in obtaining the relevant medical information and data needed for an accurate RFC determination. The opinions and objective findings set forth in that assessment were fully consistent with the

"checked box" form Dr. Devine previously completed, and similarly supported plaintiff's disability claim. The ALJ again gave "little weight" to Dr. Devine's opinions because "this extremely limiting assessment has little or no support in the medical evidence." AR at 14. As stated earlier, an "ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion" and "is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." Greek v. Colvin, 802 F.3d at 375. The only reasons the ALJ set forth in rejecting the opinions of Dr. Devine were that (1) while the medical record documented plaintiff's impairment to his left shoulder, it did not support limitations in both hands and (2) plaintiff's "daily activities" do not support the limitations found by Dr. Devine. These cryptic statements fall short of comprehensive reasons for rejecting the opinion of a treating doctor. As to the numbness in his hands, plaintiff testified that he has nerve damage in his neck which causes him to have numb fingers. AR. at 48. Plaintiff's description of his own symptoms is proper evidence (see 20 C.F.R. §§ 404.1502(i)) and the ALJ failed to cite any contrary medical evidence suggesting plaintiff's description was inaccurate. As to his daily activities, a fair reading of his hearing testimony supports the functional limitations found by Dr. Devine. However, the ALJ focused on the fact that plaintiff testified that he had

operated a snow plow and had gone down water slides with his children. In fact, plaintiff testified he could no longer plow even his own driveway because he could not turn his head and neck and that he made a mistake by trying to accompany his kids on a water slide during a family vacation because it aggravated his neck to the point that it ruined the vacation. Rejecting medical opinions because on isolated occasions some individual tries to do more than is medically recommended by their doctor (and then suffers the consequences) seems not only harsh, but unfair. See Koseck v. Sec'y of Health & Human Servs., 865 F. Supp. 1000, 1014 (W.D.N.Y. 1994) ("The ALJ's argument that, sporadically through the record, there is evidence that Koseck did outside work with ladders, shoveled snow, or other activities, showing that Koseck's pain was not so severe is not persuasive as, following Koseck's attempts at these activities, there is evidence that he suffered from significant pain.") "Although the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." Hess v. Sec'y of Health, Ed. & Welfare, 497 F.2d 837, 840 (3d Cir. 1974). "[T]hese proceedings are extremely important to the claimants, who are in real need in most instances and who claim

not charity but that which is rightfully due" them under the Social Security Act. Id.

Finally, the only other medical opinion in the record was that of Dr. Toor, who assessed plaintiff in August 2013 at the request of the Commissioner. After an examination, Dr. Toor found plaintiff to have "moderate to severe" limitations in bending, lifting, pushing, pulling, reaching with the left shoulder and twisting of his cervical spine. He also found that pain interferes with plaintiff's balance. Dr. Toor opined that plaintiff's prognosis was "guarded." These findings were obviously consistent with the findings of plaintiff's treating doctor, yet the ALJ only gave them "some weight" because they were "based on a one-time examination" and "contradicted" by "the rest of the medical evidence," by plaintiff's "own acknowledged activity" and "Dr. Toor's own observations." Putting aside the fact that the ALJ gave the same amount of weight to the opinions of a non-examining, non-medical SDM as to a doctor who plaintiff saw at the request of the Commissioner, the other reasons provided by the ALJ do not withstand scrutiny. The ALJ does not identify how "the rest of the medical evidence" contradicts Dr. Toor's assessment. Indeed if the "rest" of such evidence includes the opinions of plaintiff's treating physician, the ALJ's reasoning is faulty on it's face. As to Dr. Toor's observations, his five-page assessment contains many observations (moderate pain, abnormal gait, limping,

difficulty changing for examination, difficulty getting on and off exam table, difficulty getting out of chair) which fully support Dr. Toor's findings. The same goes for plaintiff's "acknowledged activities." In determining that Dr. Toor's opinion was contradicted by plaintiff's own acknowledged activity, the ALJ noted that plaintiff "drives, plows, and goes down water slides." AR. at 14. As discussed above, while plaintiff acknowledged doing all three of these activities, it is a gross exaggeration to imply that he participates in these activities on a regular basis. He testified that he drives but that he could not drive for more than thirty minutes because he was unable to sit for longer periods of time. AR. at 36. Both Drs. Toor and Devine found that plaintiff had limitations in sitting, with Dr. Devine opining that plaintiff could sit no longer than one hour. See AR. at 376, 692. Plaintiff stated that he worked for a plow company in 2012 but never actually operated a plow. See AR. at 37-38. In 2013, he went to the emergency room after trying to move his own plow to get one of his cars out of the garage. See AR. at 39, 61. Thus, it certainly cannot be said that plaintiff "plows" when the only occurrence in the record even suggesting that he operated a plow ended with him at the emergency room. Finally, plaintiff's ill-advised decision to accompany his children on a water slide in 2014 hardly constitutes a daily activity suggesting plaintiff can engage in

11

competitive employment, particularly where he testified he was in significant pain afterward.  <u>See</u> AR. at 58-59.

In sum, the ALJ erred when evaluating the opinions of plaintiff's treating doctor, Dr. Devine; the consultative examiner, Dr. Toor; and erred by giving any weight to the RFC assessment of the SDM.  The ALJ's decision was not supported by substantial evidence.

### Conclusion

Based on the foregoing, plaintiff's motion (Docket # 11) is **granted** and the Commissioner's motion (Docket # 14) is **denied.** The matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    July 11, 2018
          Rochester, New York